**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 2:01-CR-0228-RLH-LRL |
| | 2:04-CV-0602-RLH-LRL |
| | USCA 04-17181 |
| vs. | |
| | **O R D E R** |
| JAMES THOMAS JOHNSON, | (Motion for Relief from Judgment–#7 8) |
| Defendant. | |

Before the Court is Defendant James Thomas Johnson's Motion for Relief from Judgment or Order (#78, filed March 19, 2007). The motion is untimely and the motion, files, and records of the case conclusively that Defendant Johnson is entitled to no relief. Accordingly, the motion will be decided without the necessity of requesting a response from the United States Attorney.

The record shows that on September 10, 2001, the day Johnson's jury trial was scheduled to begin, Johnson made a verbal motion in court for a continuance to obtain another attorney. Defendant stresses that he requested a continuance to seek private counsel (although there was no evidence that he had made any efforts to do so or that private counsel was available and willing, or that he had the wherewithal to hire private counsel). The Court denied the motion, finding that Johnson had competent counsel (a chief Assistant Federal Public Defender with years of experience and a stellar reputation) and that Johnson was only trying to delay the trial. Johnson

then changed his plea to guilty and was ultimately sentenced.

After sentencing Johnson retained counsel for purposes of appeal and post conviction motions. That attorney filed a notice of appeal (#25) and moved to withdraw and requested appointed counsel, which was provided. The newly appointed counsel pursued the appeal and filed a motion to vacate the judgment (#42) and a motion pursuant to § 2255 (#46). Those motions were denied (#57) on September 21, 2004. Motions to supplement (#51) and to amend the § 2255 motion (#55) were denied (#58) the following day.

In addition to the notice of appeal of the original judgment, there was filed a notice of appeal (#63) of the Court's two orders (#57, #58) regarding the § 2255 motion which involved the Court's refusal to grant the continuance to obtain (or retain) new counsel.

The Ninth Circuit Court of Appeals entered judgment (#76) on February 13, 2006, affirming the District Court's decision and judgment. Now, more than one year and one month later, Defendant Johnson brings this motion.

The Motion is purportedly made pursuant to Rule 60(b), Fed. R. Civ. P. It is in reality a motion pursuant to 28 U.S.C. § 2255. Under either, the motion is untimely. Rule 60(b) requires that the "motion shall be made within . . . one year after the . . . order was entered. . . ." The Order (#57) in question was entered September 21, 2004, two and one-half years ago. Section 2255 has a 1-year statute of limitation from the latest of (1) the date the conviction becomes final (February 13, 2006); (2) the removal of any impediment to making the motion; (3) the date the right was recognized by the Supreme Court; or (4) the date the facts supporting the motion could have been discovered.

The basis for Defendant's present motion is that this Court and the Circuit Court only addressed the denial of the continuance, not the denial of the right to retain counsel of Defendant's choosing. The distinction has no merit. The request for continuance was based upon Defendant's request for more time to obtain or retain his own attorney. Affirming the decision to deny the continuance required the consideration of the stated basis for the continuance, *i.e.*, to retain counsel of Defendant's choosing. Johnson's claim that, "The merits of Johnson's underly-

1  ing claim that he was denied his right to counsel of his choice has never been adjudicated," is
2  clearly in error.  It was a consideration in the original decision.  It was a consideration by the Court
3  in denying his first § 2255 motion, and was a necessary consideration in the Ninth Circuit Court's
4  review of the District Court's judgment of conviction and denial of the § 2255 motion.

5  Furthermore, notwithstanding Defendant's characterization as a Rule 60(b) motion,
6  this is, in reality, a Section 2255 motion.  Section 2255 has a gatekeeping provision that requires
7  the Defendant to seek certification and permission from the Circuit Court to pursue a second or
8  successive § 2255 motion.  Defendant failed to request, much less obtain, the required certifica-
9  tion.

10  Where there has been an appeal, a prisoner cannot raise claims in a Section 2255
11  motion if he or she could have, but did not, raise those claims on direct appeal.  *United States v.*
12  *Ware*, 416 F.3d 1118, 1121 (9th Cir. 2005): *See also, Oakes v. United states,* 400 F.3d 92, 97 (1st
13  Cir. 2005).  If there exists the distinction Defendant Johnson claims, there is no reason it could not
14  have been or should not have been raised in the prior appeals.  Johnson has not show "cause and
15  prejudice*,"  see Coleman v. Thompson*, 501 U.S. 722, 753 (1991), nor demonstrated "actual
16  innocence," *see Bousley v. United States*, 523 U.S. 614, 620-23 (1998).  Accordingly, the claim of
17  this motion is a procedurally defaulted claim, and cannot now be raised.

18  For all the foregoing reasons, Defendant Johnson's motion is without merit and he
19  is not entitled to relief.

20  IT IS THEREFORE ORDERED that Defendant James Thomas Johnson's Motion
21  for Relief from Judgment or Order (#78) is DENIED.

22  Dated: April 11, 2007.

_____
Roger L. Hunt
Chief United States District Judge